USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/10/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHANIE RUIZ GUEVARA and SANDRA HERAS, *on behalf of themselves, FLSA Collective Plaintiffs and the Class*,

Plaintiffs,

-against-

FINE & RARE OPERATIONS LLC d/b/a FINE & RARE, FLATIRON ROOM OPERATIONS LLC d/b/a THE FLATIRON ROOM, GOODNIGHT GROUP LLC, and THOMAS TARDIE,

Defendants.

20-CV-05330 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By letter-motion dated November 16, 2021 (Dkt. No. 72), plaintiffs in this wage and hour action, brought under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL), seek an order compelling defendants to produce various documents and answer various interrogatories. The motion was argued at a discovery conference on December 2, 2021, after which defendants submitted a letter (Dkt. No. 77) confirming that Defendant Fine & Rare Operations LLC d/b/a Fine & Rare (F&R LLC) "had gross annual revenues in excess of $500,000 in the years 2017, 2018, 2019, and 2020, within the meaning of the Fair Labor Standards Act," thus taking that issue out of contention for discovery purposes.

The named plaintiffs, both of whom worked in tipped positions at Fine & Rare restaurant and were paid by F&R LLC, principally allege that their employer took an invalid tip credit, because they were required to spend more than twenty percent of their time performing non-tipped work; operated an unlawful tip pool that included salaried managers; improperly deducted a meal credit from their wages but did not serve meals meeting the required nutritional standards; and

failed to provide various notices required by federal and state law. By Memorandum and Decision dated January 10, 2022 (Decision) (Dkt. No. 84), the Court granted plaintiffs' collective certification motion under the FLSA, 29 U.S.C. § 216(b), to the extent of preliminarily certifying a collective extending to the non-exempt, tipped employees who worked at Fine & Rare restaurant on or after July 11, 2017. The collective does not extend to non-tipped employees, nor to employees who worked at a second restaurant owned and operated by defendants, known as The Flatiron Room. To date, no class certification motion has been made with respect to plaintiffs' NYLL claims.

For the reasons discussed at the December 2, 2021 conference, and in light of developments thereafter, it is hereby ORDERED as follows:

1. **"Class Discovery Dispute" – Requests for Production (RFPs)**

    Defendants need not further respond to plaintiffs' RFP 1. Defendants shall produce the documents requested in RFP 2, limited to employment manuals, employee handbooks, and memoranda provided generally to all employees or to all employees of a particular restaurant. Defendants shall produce the documents requested in RFP 3, limited to documents generally describing the duties and responsibilities of employees under a given title or titles. Defendants need not search for or produce documents concerning individual non-party employees. In response to RFP 5, defendants shall produce documents sufficient to identify the managers or assistant managers of the non-exempt employees at both restaurants for the past 6 years. Defendants need not further respond to RFP 21, in that the named plaintiffs make no complaint concerning adjustments to their hours. Defendants shall produce the documents requested by RFP 23, limited to documents provided generally

to all employees or to all employees of a particular restaurant. Defendants need not produce individual wage notices provided to non-party employees.

2. **"Class Discovery Dispute" – Interrogatories (Ints.)**

Except to the extent required by the Decision, defendants need not further respond to plaintiffs' Int. 1. Defendants need not further respond to Int. 2(b). In response to Int. 3, defendants shall produce documents sufficient to show how defendants recorded the hours worked by non-exempt employees at both restaurants for the past 6 years. In response to Int. 5, defendants shall produce documents that describe the tip credit taken by defendants and that were provided generally to all tipped employees or to all such employees of a particular restaurant. Defendants need not produce individual wage notices or statements provided to non-party employees. Defendants need not further respond to Int. 13.

3. **Financial Documents - RFPs 14, 15, 16**

Defendants need not further respond to RFPs 14, 15, and 16.

4. **Corporate and Transactional Documents – RFPs 22, 24, 25, 27**

In response to RFP 22, defendants shall provide organization charts for the corporate defendants for the past 6 years, if they exist, together with documents sufficient to identify their majority owner(s) and managing member(s) of those defendants over the same period of time. Defendants need not further respond to RFPs 24, 25, and 27.

5. **E-Discovery – RFP 31**

To the extent they have not already done so, defendants search their email database, as well as the cellphones used by the named plaintiffs' supervisors during their employment (to the extent available) for the names of those plaintiffs (including any known variations or nicknames) and shall produce any non-privileged results. Defendants need not otherwise

respond to RFP 31, which as written is incomprehensible, and as interpreted by plaintiffs in their letter-motion (at page 4) is vastly overbroad, requiring defendants to search for, *inter alia*, any email or text message over a 6-year period containing the words or phrases check, clock in, clock out, compensation, credit, earning, minimum, notice, overtime, OT, premium, schedule, spread, time card, time sheet, tip, unpaid, or wage.

**6.     Shareholders, Owners, Supervisors – Int. 14**

In response to Int. 14, defendants shall provide the names and business contact information of the majority owner(s) and managing member(s) of the corporate defendants for the past 6 years.

**7.     Sales Records and Tax Filings – Ints. 15 and 16**

In response to Int. 15, defendants shall provide the name and business contact information of their payroll services provider(s), for both restaurants, for the past 6 years. Defendants need not further respond to Int. 16.

Dated: New York, New York
January 10, 2022

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**