UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



STEPHANIA RUIZ GUEVARA and
SANDRA HERAS, on behalf of themselves,
FLSA Collective Plaintiffs and the Class,

                Plaintiffs,

-against-

FINE & RARE OPERATIONS LLC d/b/a
FINE & RARE, FLATIRON ROOM
OPERATIONS LLC d/b/a THE FLATIRON
ROOM, GOODNIGHT GROUP LLC, and
THOMAS TARDIE,

                Defendants.

20-CV-5330 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

      On February 2, 2022, the Court extended the deadline for completing discovery in this wage and hour action as follows: all discovery of the existing parties, including depositions, was to be completed by April 4, 2022. All discovery concerning FLSA opt-in plaintiffs, including opt-in depositions, was to be completed by June 2, 2022. (Dkt. No. 90.) On March 30, 2022, at the parties' request, the Court referred this action to the Court-annexed Mediation Program and requested that the mediation take place "promptly." (Dkt. No. 95.) The Court did not stay or extend any discovery deadlines. Rather, the Court directed: "Within one week after the conclusion of the mediation, the parties shall submit a joint letter proposing (a) a schedule for settlement approval proceedings, or (b) a modified schedule for all remaining fact discovery." (*Id.*)

      It appears that the mediation did not happen. On April 29, 2022, the Mediator reported to the Clerk that "the court-ordered mediation in this case was not held as one or both parties failed, refused to attend, or refused to participate in the mediation." (Dkt. No. 104.) The parties,

however, made no report to the Court, and no further effort to extend or modify the discovery schedule. Consequently, the deadline for depositions of the original parties expired on April 4, 2022, and all discovery closed on June 2, 2022. Summary judgment motions are due 30 days thereafter. (Dkt. No. 59 ¶ 9.) Because of the Independence Day holiday, that deadline is July 5, 2022.

On June 8, 2022, plaintiffs filed a letter-application seeking sanctions for the conduct of defendants' counsel at the depositions of individual defendant Thomas Tardie (who, according to plaintiffs, was also testifying pursuant to Rule 30(b)(6) on behalf of the corporate defendants) and Dasha Naymon, the General Manager of defendant Fine & Rare Operations LLC. (Dkt. No. 105.)[1] Those depositions took place on June 2, 2022 – approximately two months *after* the applicable deadline for such depositions expired. In their letter-application, plaintiffs make no mention of that deadline and do not explain why the Tardie and Naymon depositions were taking place outside of the time allotted for them. Further, plaintiffs fail to explain why the scope of Tardie's testimony was not pre-negotiated in good faith as required by Rule 30(b)(6).

Consequently, it is hereby ORDERED that plaintiffs shall submit a supplemental letter (limited to two pages), no later than **June 13, 2022**: (i) addressing the timing of the depositions,

---

[1] Plaintiffs' primary complaint is that defendants' counsel improperly instructed both witnesses not to answer questions in reliance upon a misreading of a prior discovery order. Based on the Court's initial review of the attached deposition transcripts, however, it appears that both attorneys conducted themselves poorly. Defendants' attorney repeatedly instructed the witnesses not to answer wholly unobjectionable questions on relevance or scope grounds – including, for example, how long defendant Tardie had lived at his current address and whether he was an owner of defendant Goodnight Group LLC (on behalf of which he was testifying). Plaintiffs' attorney, in clear violation of Local Civ. R. 26.4(a) and basic norms of professional civility, responded by repeatedly speaking over his opponent (causing the court reporter to note "unreportable crosstalk" three times during the Tardie deposition and six times during the Naymon deposition), telling her to "sit there and be quiet" (three times during the Tardie deposition and once during the Naymon deposition), and calling her a "joke" (four times during the Tardie deposition).

(ii) attaching a copy of plaintiffs' Rule 30(b)(6) deposition notice(s), and (iii) describing whether and when the parties "confer[red] in good faith about the matters for examination" in advance as required. *See* Fed. R. Civ. P. 30(b)(6). Defendants may submit a responding letter (limited to four pages) no later than **June 15, 2022**. Plaintiffs may submit a reply letter (limited to two pages) no later than **June 17, 2022**. The Court will then determine whether a conference is required.

Dated: New York, New York
       June 10, 2022

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**